Form 3015-1 - Chapter 13 Plan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:
**Steven Paul Stephanie**

DEBTOR
*In a joint case,*
*debtor means debtors in this plan.*

**CHAPTER 13 PLAN-MODIFIED**

Dated: **August 29, 2012**

Case No. **10-40387**

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE** —
   a. As of the date of this plan, the debtor has paid the trustee $ **9,900.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **200.00** per **Month** for **29** months, beginning ***September, 2012***, for a total of $ **15,700.00** . The minimum plan payment length is **X** 36 or ___ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee ___
   d. The debtor will pay the trustee a total of $ **15,700.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **1,570.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| -NONE- | $ | | $ |
| **a.** TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| a. | **Green Tree Servicing** | **Debtor's Residence: Homestead Real Property located at 1002 14th Avenue SE #2, St Cloud MN, Single Family Residence legally described as follows: Lot Seven (7) and the Northerly 7 feet of Lot Eight (8), in Block One Hundred Thirty-three (1** |
| b. | **Indymac Bank** | **Debtor's Residence: Homestead Real Property located at 1002 14th Avenue SE #2, St Cloud MN, Single Family Residence legally described as follows: Lot Seven (7) and the Northerly 7 feet of Lot Eight (8), in Block One Hundred Thirty-three (1** |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates.*** The trustee will pay the actual amounts of default.

| | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | $ | $ | | | $ |
| b. | TOTAL | | | | | $ |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate.***

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. Sherburne Co Auditor/Treasurer | 681.32 | | | | | *681.32 |
| b. Vericrest | $ 9,000.00 | $ | | | $ | **1,092.90 |
| | | | | | $ | **1,774.22 |

\* PAID Sherburne Co Auditor: $681.32

\*\*PAID Vericrest: $1,092.90

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) | = Pmnts on Account of Claim | + (Adq. Prot. from ¶ 3) | = TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | $ | | | $ | $ | $ |
| a. TOTAL | | | | | | | | | $ 0.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 2,200.00 | $ | | $ | 2,200.00 |
| b. TOTAL | | | | $ | *2,200.00 |

\*PAID Attorney Fees: $2,200.00

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: **-NONE-**
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | $ |
| a. TOTAL | | | | | $ | 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **10,155.78**   [line 1(d) minus lines 2, 6(b), 7(b), 8(a), 9(b) and 10(a)].

    a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00** .

    b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **200,478.00** .

    c. Total estimated unsecured claims are $ **200,478.00**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** —

**Title in any secured property will vest in the debtor upon payment of the secured portion of the creditor's claim and debtor's discharge. The debtor shall receive a discharge upon completion of the scheduled plan payments or upon payment of 100% of timely filed unsecured claims, whichever occurs first. Trustee shall not pay any untimely filed general unsecured creditors (excluding taxing authorities). Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

**For tax year 2010, a proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending and the trustee shall pay such claim as submitted pursuant to 11 U.S.C Statute 1305.**

**14. SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 1,570.00 |
| Home Mortgage Defaults [Line 6(b)] | $ 0.00 |
| Claims in Default [Line 7(b)] | $ 1,774.22 |
| Other Secured Claims [Line 8(a)] | $ 0.00 |
| Priority Claims [Line 9(b)] | $ 2,200.00 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 10,155.78 |
| **TOTAL [must equal Line 1(d)]** | $ **15,700.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**William P. Kain 143005**
**Lund Kain Scott, PA**
**13 7th Ave. S**
**St. Cloud, MN 56301**
**320-252-0330**
**143005**

Signed  **/s/ Steven Paul Stephanie**
**Steven Paul Stephanie**
DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**District of Minnesota**

Case No: 10-40387

In re:   Steven Paul Stephanie

Debtor

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that a true copy of the Notice of Hearing and Motion, Amended Schedule I, Amended Schedule J, Memorandum in Support of Debtor's Motion for Post-Confirmation Modification and Modified Chapter 13 Plan was mailed to all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail on August 30, 2012.

Date:   August 30, 2012

/e/ WILLIAM P. KAIN-#143005

13 South Seventh Avenue
Saint Cloud, Minnesota 56301
(320) 252-0330

**EXHIBIT**

APPLIED CARD BANK
ATTENTION GENERAL INQUIRIES
PO BOX 17125
WILMINGTON DE 19850


AT & T
PO BOX 131
MINNEAPOLIS MN 55483


CERNO SOLUTIONS
2711 N. HASKELL AVE
SUITE 2150
DALLAS TX 75204


CREDIT ONE BANK
PO BOX 98875
LAS VEGAS NV 89193


DIRECT MERCHANTS BANK
CARD MEMBER SERVICES - GSC
PO BOX 5246
CAROL STREAM IL 60197


GEMB/MILLS FLEET FARM
ATTENTION BANKRUPTCY
PO BOX 103106
ROSWELL GA 30076

```
GREEN TREE SERVICING
PO BOX 6172
RAPID CITY SD 57709-6172
```

```
HSBC BANK
PO BOX 5253
CAROL STREAM IL 60197



INDYMAC BANK
7700 W PARMER LN
BLDG D 2ND FLOOR
AUSTIN TX 78729



NCO FINANCIAL SYSTEMS
507 PRUDENTIAL RD
HORSHAM PA 19044



OCWEN LOAN SERVICING
12650 INGENUITY DR
ORLANDO FL 32826



PRAXIS FINANCIAL SOLUTIONS
7331 N. LINCOLN AVE STE 8
LINCOLNWOOD IL 60712-1704



SHERBURNE CO AUDITOR/TREASURER
13880 HWY 10
ELK RIVER MN 55330



VERICREST
PO BOX 24610
OKLAHOMA CITY OK 73124
```

```
VERICREST FINANCIAL
PO BOX 619063
DALLAS TX 75261-9063
```

```
XCEL ENERGY
PO BOX 9477
MINNEAPOLIS MN 55484-9477
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Steven Paul Stephanie**
Debtor(s).

**SIGNATURE DECLARATION**

Case No. __10-40387__

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☒ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☒ OTHER (Please describe: **Motion to confirm Post-Confirmation Modified Plan** )

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 8/30/12

X _/s/ Steven P Stephanie_     X _____
Signature of Debtor or Authorized Representative     Signature of Joint Debtor

**Steven Paul Stephanie**
Printed Name of Debtor or Authorized Representative     Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)